IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DANNY L. CANTERBURY,

      Plaintiff,

v.                                        Case No. 2:19-cv-00586

TIMOTHY KING,

      Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court are Plaintiff's Complaint (ECF No. 2) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636. For reasons appearing to the court, the referral of this matter is **WITHDRAWN**.

I.    Plaintiff's allegations

Plaintiff filed the instant complaint on August 9, 2019. At that time, he was incarcerated at the Southwestern Regional Jail ("SWRJ"), a regional jail operated by the West Virginia Division of Corrections and Rehabilitation ("DOC"). The complaint alleges as follows:

> I'm to be housed in the RSAT[1] program here at [SWRJ] and this program does not have DOC contact visitation as all other DOC RSAT programs do. This facility also does not have recreation on grass like all other DOC RSAT programs do. Timothy King is the Superintendent here at [SWRJ] and does not provide DOC RSAT program's regulations to inmates at his facility.

[ECF No. 2 at 4-5]. As relief, Plaintiff requests that the same RSAT programming that is provided at other DOC facilities be provided at the SWRJ and that he be housed in an RSAT program with contact visitation and recreation on grass. [*Id.* at 5]. On August 15, 2019, mail that had been sent to Plaintiff at the SWRJ was returned as undeliverable and it was determined that Plaintiff had been transferred to the Salem Correctional Center, a DOC prison facility located within the jurisdiction of the United States District Court for the Northern District of West Virginia. Moreover, as Plaintiff's name does not appear on the DOC website's inmate locator, it appears that he has now been released from DOC custody altogether.

## II. Discussion

Plaintiff's complaint seeks only injunctive relief in the form of being provided RSAT programming with specific criteria at the SWRJ. However, his transfer from the SWRJ to another DOC prison facility and subsequent release from custody appears to render moot his claims for such relief.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue

---

[1] The undersigned believes that "RSAT" is a "Residential Substance Abuse Treatment" program offered at certain DOC facilities.

is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Reg'l Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may dismiss a civil action at any time if it appears that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure); *Dement v. W. Va.*, No. 2:20-cv-00388, 2020 WL 5502305, at *1 (S.D. W. Va. Sept. 11, 2020) (*sua sponte* dismissal under Rule 12(h)(3) for lack of subject matter jurisdiction).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."). Thus, Plaintiff's transfer from the SWRJ

mooted his claim concerning RSAT programming at the SWRJ and this court lacks subject matter jurisdiction over his instant complaint.

### III. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that Plaintiff's complaint [ECF No. 2] is **DISMISSED** pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and his Application to Proceed Without Prepayment of Fees and Costs [ECF No. 1] is **DENIED AS MOOT**.

The Clerk is directed to file this Memorandum Opinion and Order and to mail a copy of the same to the plaintiff at his last known address.

ENTER: November 2, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE